IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LADERIOUS BOZEMAN, Administrator of the Estate of Jerome Kirt, <br><br> Plaintiff, <br><br> v. <br><br> BILL FRANKLIN, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |  CIVIL ACT. NO. 2:20-cv-640-ECM <br> [wo] |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court are motions to dismiss filed by Defendants Quality Correctional Healthcare, Inc. (docs. 48 & 68), Elmore County (doc. 70), Aaron Watkins ("Watkins") (doc. 72), Mike Henline ("Henline") (docs. 36 & 74), Bill Franklin ("Franklin") (docs. 33 & 76), a motion to correct the case docket or to quash service (doc. 53), and a motion for leave to file a consolidated response by the Plaintiff (doc. 84).[1]

The Plaintiff, Laderious Bozeman ("Bozeman"), filed a complaint as the Administrator of the Estate of Jerome Kirt ("Kirt"). This Court ruled on motions to dismiss the original complaint and dismissed with prejudice the following: Elmore County Commission as a party, claims against fictitious defendants, a claim against Elmore County, and state law claims brought against Franklin. (Doc. 23).[2] The Court gave

---

[1] This motion which seeks to file one brief in response to the pending motions is due to be GRANTED.

[2] The Court having dismissed the state law claims against Franklin with prejudice, the motion to dismiss the second amended complaint is due to be GRANTED as to the state law claim against Franklin.

Bozeman additional time in which to file a new amended complaint repleading the constitutional claims against Elmore County and Franklin, the state-law claim against Elmore County for wrongful death, and the state-law claim against Watkins for negligent hiring, training, and supervision. (Doc. 23 at 15).

After the Court's Order, Bozeman's attorney withdrew from representation. The Court gave Bozeman additional time in which to secure new counsel. New counsel filed a "Notice of Limited Appearance" in November of 2021. (Doc. 30). Bozeman's new counsel filed a first amended complaint on his behalf on December 13, 2021 (doc. 32), but later conceded that the first amended complaint did not comply with this Court's Order. (Doc. 46 at 2). The first amended complaint named as defendants Franklin; Henline; Quality Correctional Healthcare, Inc.; Jerry Gurley; and Nurse James. Watkins and Elmore County were not named in the first amended complaint and no claims were asserted against them. (Doc. 32).

Bozeman's counsel asked for a stay of consideration of pending motions to dismiss while Bozeman sought new counsel a second time. (Doc. 46). Ultimately, however, rather than withdrawing from representation, Bozeman's counsel filed a new "Notice of Appearance." (Doc. 59). This Court thereafter entered an Order giving the Plaintiff "a last opportunity to file an amended complaint to address all of the concerns with the first amended complaint, and to proceed in a more timely manner with this litigation." (Doc. 60 at 2). Bozeman's counsel subsequently sought guidance from the Court, explaining that he needed guidance as to how the Court's previous Order would limit, narrow, or prohibit any additional facts, parties, and claims that Bozeman might want to include in the second

amended complaint. (Doc. 61). The Court explained in an Order that Bozeman could not incorporate previous complaints by reference and was limited to the scope of leave to amended given by the Court. (Doc. 62).

In the second amended complaint, Bozeman names Elmore County, Alabama; Franklin; Henline; Watkins; Quality Correctional Healthcare, Inc.; Jerry Gurley; and Nurse James as Defendants. He asserts a claim pursuant to 42 U.S.C. § 1983 for violation of the Eighth Amendment of the U.S. Constitution for deliberate indifference to serious medical needs (count I); a claim for violation of the Eighth Amendment of the U.S. Constitution for deliberate indifference to health and safety (count II); a state-law negligence and wantonness claim (count III); and a state-law wrongful death claim (count IV).

Based upon a review of the record and the applicable law, and for the reasons that follow, the motions to dismiss the second amended complaint are due to be GRANTED as to Henline; Watkins; and Quality Correctional Healthcare, Inc. and GRANTED in part and DENIED in part as to Franklin.[3]

## I.     LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

---

[3] In light of the filing of the second amended complaint, the motions to dismiss which are directed to the first amended complaint are due to be denied as moot.

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555, 570. This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

## II.    FACTS

The facts as alleged in the second amended complaint are as follows:

In August 2018, Kirt became seriously ill with pancreatic pain and chest pain while in custody at the Elmore County Jail. Kirt was serving sentences for failures to appear and to pay fines and costs in connection with previous DUI convictions. (Doc. 65 para. 11). The staff at the jail previously had been informed of Kirt's medical history which included alcoholism, acute chronic pancreatitis, and a healed burn on his left leg.

On August 20, 2018, Kirt's stepmother went to the jail and informed jail personnel that Kirt needed medication for his pancreatitis. Kirt was not seen by a nurse until August 23, 2018. Kirt was placed in a holding cell at that time. On August 27, Kirt was moved

4

back to general population. On August 30, 2018, Kirt could not breathe well and his pulse was 48, but jail personnel placed him back in a holding cell rather than seeking emergency medical attention. (*Id.* para. 21).

On August 31, 2018, jail personnel found Kirt having a seizure, with an incontinent bowel and bladder, and with enlarged extremities. Kirt was not transported to a facility for emergency medical treatment, but was instead forced to sign a signature bond for an early release to avoid costs of emergency transportation and hospitalization. (*Id.* para. 23).

Franklin ordered jail staff to release Kirt. The second amended complaint alleges that Franklin and the president and CEO of Quality Correctional Health Care had "an elaborate scheme born of a simple handshake" "designed to save money on expensive emergency medical hospitalization . . . ." (*Id.* para 24). According to the second amended complaint, Franklin and Quality Correctional Health Care had an unwritten deal to manage medical costs which resulted in the delay and denial of emergency medical treatment of inmates at the Elmore County jail. (*Id.* para. 29).

A friend of Kirt's picked him up at the jail, but Kirt became unresponsive before reaching the Elmore Community Hospital. Kirt was transferred to Jackson Hospital in Montgomery, Alabama, where he passed away on September 1, 2018. (*Id.* para. 26).

### III.   DISCUSSION

A. Conceded and Abandoned Claims

Upon review of the motions and Bozeman's consolidated response, the Court first notes that Bozeman has conceded that various claims asserted in the second amended

complaint are due to be dismissed. Specifically, Bozeman concedes that all claims against Henline and Quality Correctional Health Care, Inc. are barred by the statute of limitations and are due to be dismissed. (Doc. 84 at 18). Bozeman further states that because the statute of limitation applies, the motion raising service of process by Jerry Gurley, M.D. and Nurse James is moot. (*Id.* at 18-9).

Elmore County and Watkins also contend that Bozeman abandoned his claims against them because Elmore County and Watkins were omitted from the first amended complaint, and that because they were not included in the first amended complaint, the statute of limitations has run on those claims. Bozeman concedes that there was an omission of these parties from the first amended complaint, but argues that the Court's leave to file a second amended complaint means that the inclusion of Elmore County and Watkins in the second amended complaint is appropriate and timely.

The Court's Order allowing for amendment of the first amended complaint did not contemplate pleading claims asserted only in the original complaint but omitted from the first amended complaint. Instead, the Court gave Bozeman "a last opportunity to file an amended complaint to address all of the concerns with the first amended complaint, and to proceed in a more timely manner with this litigation." (Doc. 60 at 2).

Pursuant to Rule 15(c), an amended complaint will relate back if the amendment changes the party against whom a claim is asserted; "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading;" and, if within the time allowed for service, the party received notice of the action and knew or should have known that the action would be brought against it, but for the mistake in identity.

6

FED. R. CIV. P. 15(c)(1)(C).  The Supreme Court has clarified that the question of the mistake in identity in Rule 15(c) is whether a defendant "knew or should have known that it would have been named as a defendant but for an error." *Krupski v. Costa Crociere S. p. A.,* 560 U.S. 542, 548 (2010).

Here, Elmore County and Watkins were expressly omitted from the caption of the first amended complaint, were not included in the list of defendants, and no claims were asserted against them in the first amended complaint.  Watkins' name did not appear at all in the first amended complaint, and Elmore County was identified only as the location of the jail, not as a party. (Doc. 32).  These Defendants should not have known that they would have been named as defendants in the first amended complaint but for an error on Bozeman's part. *See Krupksi*, 560 U.S. at 548.  Therefore, the claims against them in the second amended complaint are untimely.  Consequently, the Court concludes that the motion to dismiss is due to be GRANTED as to Elmore County and Watkins.

B.  Federal Claims Against Franklin

Bozeman was given leave to file an amended complaint to more specifically plead his constitutional claim against Franklin.  Bozeman was also directed to more specifically plead the facts of his status at the Elmore County jail so that it would be clear whether his claims were asserted under the Eighth or Fourteenth Amendment.  Although he has expressly brought Eighth Amendment claims, Bozeman still argues that he can assert a Fourteenth Amendment claim.  However, his claims are based on facts that he was denied necessary medical treatment while he was serving jail sentences for failure to appear and to pay fines (Doc. 65 para. 11).  Therefore, the Eighth Amendment applies. *See Hamm v.*

7

*DeKalb Cty.*, 774 F.2d 1567, 1572 (11th Cir. 1985)(holding that the Eighth Amendment applies to confinement that occurs subsequent to and as a consequence of a person's lawful conviction of a crime).

The third amended complaint alleges "an elaborate scheme born of a simple handshake between Franklin and the Quality Correctional Health Care's president and CEO designed to save money on expensive emergency hospitalizations . . . ." (Doc. 65 para 24). The third amended complaint also alleges a deal by which Quality Correctional Health Care managed medical costs which resulted in the delay and denial of emergency treatment for inmates, including Kirt. (*Id.* para. 29-30). The count of the second amended complaint alleged specifically against Franklin refers to this as an unwritten policy of cutting medical expenses at the jail. (*Id.* para. 49). The second amended complaint alleges that there was a "long standing" policy and practice of delaying or denying emergency medical treatment to inmates "with serious medical needs," or releasing them from custody without treatment, to avoid incurring charges for treatment, which resulted in Kirt being denied treatment. (*Id.* para. 46).

Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates unless the "supervisor personally participates in the alleged constitutional violation" or "there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Doe v. Sch. Bd. of Broward Cty., Fla.*, 604 F.3d 1248, 1266 (11th Cir. 2010)(internal quotation and citation omitted). The causal connection can be established when a "history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so" or

8

when a supervisor's "improper custom or policy results in deliberate indifference to constitutional rights." *Id.*

Franklin has conceded that Bozeman has adequately pleaded a claim that he personally participated in an alleged deprivation of Kirt's constitutional rights or directed one of his subordinates to act in a way that resulted in a deprivation of Kirt's rights. (Doc. 77 at 7 n.2).

As to a separate supervisory liability claim, Franklin invokes qualified immunity. Qualified immunity protects government officials from suit if they are "performing discretionary functions" and "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "The salient question is whether the state of the law at the time of an incident provided fair warning to the defendants that their alleged conduct was unconstitutional." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014)(internal quotations omitted).

Franklin argues that Bozeman does not allege a widespread pattern of abuse. The theory upon which Bozeman relies, however, is the adoption of a policy of denial and delay of care, not a widespread pattern of abuse. As to the theory based on adoption of a policy, Franklin argues that there are no facts alleged that he had notice that a custom or policy was causing a violation of constitutional rights and that Bozeman's allegations are conclusory. Franklin contends that Bozeman has not corrected the pleading deficiencies in the original complaint earlier discussed by the Court.

Another district court within this circuit has examined a claim similar to that in this case and denied a motion to dismiss by a defendant sued on the basis of supervisory liability. *See Elliott v. Madison Co., Ala.*, 2015 WL 1013202 (N.D. Ala. 2015). In *Elliott*, the plaintiff relied on a theory that the administrator of a jail had an agreement or implicit plan with a healthcare company to delay or deny necessary medical care to avoid having to pay for medical care of an inmate. *Id.* at *11. The court concluded that the plaintiff alleged sufficient facts to state a claim for violation of clearly established rights. *Id.* at *14. The court pointed to allegations that the healthcare contract at the jail had been evaded to reduce costs which resulted in constitutionally inadequate care for inmates, and the allegations of notice through past prisoner complaints, common sense, and other sources, but reasoned that if discovery revealed that the jail administrator did not in fact have knowledge, then he would not be liable on that basis. *Id.; see also Horn v. Jones*, 2015 WL 3607012, at *9 (S.D. Fla. 2015)(finding that "[i]t is plausible that the delays and denial of care alleged in the Second Amended Complaint resulted from FDOC's knowing failure to insure that inmates were provided needed medical treatment, and did so to reduce costs."), *report and recommendation adopted sub nom. Horn v. Crews*, 2015 WL 3607252 (S.D. Fla. 2015).

Here, Bozeman has added factual content to his claim for supervisory liability and has pleaded that there was a custom or policy adopted by Franklin through an agreement with the CEO of Quality Correctional Health Care which was designed to delay and deny emergency medical treatment to inmates who had serious medical needs. Bozeman alleges that the policy had in fact resulted in the delay or denial of emergency services to inmates,

10

including Kirt. Notice of a denial of rights is implicit in the allegation that a policy was adopted for the purpose of cutting costs by delaying or denying medical services for serious medical needs. *See, e.g., Harris v. Coweta Cty.*, 21 F.3d 388, 394 (11th Cir. 1994)(holding that it is clearly established law that a reasonable sheriff would have known that a lengthy delay in prescribed treatment for a serious medical need for a nonmedical reason may violate an inmate's constitutional rights). This Court is persuaded by the reasoning of *Elliot* that at this point in the proceedings, Bozeman has stated a claim for violation of clearly established rights against Franklin as a supervisor.

## IV.   CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The motions to dismiss filed by Quality Correctional Healthcare, Inc. (docs. 48), Mike Hemline (docs. 36), and Bill Franklin (docs. 33), which are directed to the first amended complaint, are DENIED as moot.

2. The motion to correct the case docket or to quash service (doc. 53) is DENIED as moot. Bozeman having conceded that the statute of limitations applies to any claims against them, Jerry Gurley and Nurse James are DISMISSED with prejudice.

3. The motion for leave to file a consolidated response (doc. 84) is GRANTED.

4. The motions to dismiss filed by Quality Correctional Healthcare, Inc. (docs. 68), Elmore County (doc. 70), Aaron Watkins (doc. 72), and Mike Hemline (doc. 74) are GRANTED and those Defendants are DISMISSED with prejudice.

5. The motion to dismiss filed by Bill Franklin (docs. 76) is GRANTED as to any Fourteenth Amendment and state law claim but is DENIED as to Bozeman's Eighth Amendment claims.

DONE this 26th day of August, 2022.

    /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE